```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
FRANK A. LEE, JR., et al.,          x
                                    x    06 Civ. 6523 (SWK)
            Plaintiffs              x    06 Civ. 15448 (SWK)
                                    x
            -against-               x    OPINION AND ORDER
                                    x
MARSH & McLENNAN COMPANIES, INC.,   x
et al.,                             x
                                    x
            Defendants.             x
-----------------------------------X
```

**SHIRLEY WOHL KRAM, U.S.D.J.**

This litigation was initiated in the Supreme Court of New York, Nassau County, and removed to federal court under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") by the defendants, Marsh & McLennan Companies, Inc. ("MMC"), Marsh, Inc., and MMC's CEO, Jeffrey Greenberg (together, "Defendants"). The Court now has before it a motion to remand brought by the plaintiffs--members of the Lee family and various trusts, corporations, and partnerships owned and controlled by them (collectively, "Plaintiffs"). For the reasons that follow, the Court grants Plaintiffs' motion in its entirety.

I.   BACKGROUND

Plaintiffs filed three actions in the Supreme Court of New York, Nassau County, each of which alleges the same basic claims. To wit, these actions advance claims under the laws of New York state, alleging that Plaintiffs refrained from selling

their equity position in MMC due to Defendants' false and misleading statements. Although Plaintiffs' three actions contain largely identical claims and supporting allegations, each names a different number of plaintiffs. As SLUSA only applies to actions brought on behalf of more than 50 persons, see 15 U.S.C. § 77p(f)(2)(A)(i)(I) & (ii), the discrepancy in the number of persons named in Plaintiffs' three actions has engendered sharp controversy over SLUSA's applicability to this litigation.

Plaintiffs' first action was brought on September 27, 2005, on behalf of fifty-eight[1] persons (the "First Action"). On November 4, 2005, Defendants removed the First Action to the Eastern District of New York, pursuant to 28 U.S.C. § 1441(b) and SLUSA, 15 U.S.C. §§ 77p(c) and 78bb(f)(2). Shortly thereafter, Plaintiffs moved to remand the First Action to state court on the grounds that SLUSA did not cover "holder actions" such as theirs. Moreover, Plaintiffs stated that they intended to file an amended complaint, modifying the caption in the First Action to clarify that they were fewer than fifty-one in number, thus providing an additional ground for SLUSA's inapplicability. On April 18, 2006, the Judicial Panel on Multidistrict Litigation transferred the First Action to this Court for

---

[1] Throughout this Opinion, the Court calculates the number of persons on behalf of whom actions were brought by referring to the names listed in the captions of these actions.

2

coordinated and consolidated treatment with other actions pending here. Rather than press the claim that theirs was a holder action not covered by SLUSA, or amend the caption to clarify their number, Plaintiffs voluntarily dismissed the First Action on June 6, 2006.

Ten days later, Plaintiffs filed a second action in the Supreme Court, Nassau County, this time on behalf of only thirty-three persons (the "Second Action"). The Second Action was removed to the Eastern District on July 19, 2006, under 28 U.S.C. § 1441(b) and SLUSA, and transferred to this Court on August 8, 2006. Plaintiffs moved to remand on August 18, 2006, contending, among other things, that their action was outside SLUSA's scope because it was a holder action and because it was brought on behalf of only thirty-three persons. On September 25, 2006, Plaintiffs informed the Court that they had erroneously excluded five persons from the Second Action, and that these five persons should be considered in determining the applicability of SLUSA to their claims. Subsequently, Plaintiffs filed a third action in the Supreme Court, Nassau County, on behalf of five excluded, trust-entity plaintiffs (the "Third Action"). The Third Action was removed to the Eastern District and transferred to this Court for coordinated and consolidated treatment with other pending actions on December 22, 2006.

Now before the Court is Plaintiffs' motion to remand this litigation to state court. For purposes of resolving this motion, the Court will treat the Second and Third Actions as one action (collectively, the "Present Action").

**II.  DISCUSSION**

SLUSA was enacted in 1998 in order to prevent plaintiffs from circumventing the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") by alleging state law securities claims in state court. See Pub. L. No. 105-353, § 2(5), 112 Stat. 3227 (1998). SLUSA provides that claims governed by the Act may not "be maintained in any State or Federal court" and are "removable to . . . Federal district court . . . ." See 15 U.S.C. §§ 77p(b) & (c). SLUSA preemption applies to claims that: (1) meet the definition of a "covered action"; (2) are based on state or local law; (3) concern a "covered security"; and (4) involve the misrepresentation or omission of a material fact or the employment of a manipulative device or contrivance "in connection with the purchase or sale" of that security. Felton v. Morgan Stanley Dean Witter & Co., 429 F. Supp. 2d 684, 690-91 (S.D.N.Y. 2006).

Plaintiffs contend that their suit was not properly removed under SLUSA because it does not meet the first or fourth criterion of this four-factor test. As the Court finds that the Present Action fails SLUSA's first criterion for applicability,

4

insofar as the Action is not brought on behalf of more than 50 persons, the Court holds that this litigation was not properly removed.[2]

Although SLUSA must be given a liberal interpretation, it is beyond cavil that the Act only covers actions brought on behalf of more than fifty persons. See, e.g., 15 U.S.C. § 77p(f)(2)(A)(i)(I) & (ii); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 126 S.Ct. 1503, 1512 (2004); accord Spehar v. Fuchs, 02 Civ. 9352 (CM), 2003 WL 23353308, at *9 (S.D.N.Y. June 18, 2003) ("Not even the most liberal interpretation of SLUSA could conclude that the phrase 'more than fifty' in the definition of a [covered action] includes an action brought on behalf of fifty [or fewer] plaintiffs.").[3] A review of the filings in the Present Action reveals that there are presently thirty-eight plaintiffs, including members of the Lee family and various trusts, corporations, and partnerships owned and controlled by them.[4] See 15 U.S.C. § 77p(f)(2)(C) (indicating that "a corporation, investment company, pension plan,

---

[2] In light of this holding, the Court declines to address Plaintiffs' contention that their claims are not in connection with the sale or purchase of securities, as required by SLUSA.
[3] As Plaintiffs have not brought their claims in a representative capacity, the provisions of SLUSA governing representative claims are inapposite. See 15 U.S.C. § 77p(f)(2)(A)(i)(II).
[4] The Second Action, which was transferred to this Court on August 8, 2006, identified thirty-three plaintiffs, while the Third Action, which was transferred to this Court on December 22, 2006, named five additional, trust-entity plaintiffs.

partnership, or other entity, shall be treated as one person"). Inasmuch as Plaintiffs properly bring the Present Action on behalf of only thirty-eight persons, their action is clearly not a covered action, and must be remanded to state court.

Nonetheless, Defendants raise several reasons to doubt that the Present Action is properly brought on behalf of thirty-eight persons. First, Defendants contend that Plaintiffs have engaged in impermissible procedural maneuvering in order to circumvent SLUSA's coverage provisions. On this theory, Plaintiffs avoided the inevitable dismissal of the First Action, which was brought on behalf of fifty-eight persons, only through an eleventh-hour voluntary dismissal. Subsequently, Plaintiffs disingenuously filed the Present Action on behalf of twenty fewer persons only to avoid SLUSA preemption. Second, Defendants claim that the trust-entity plaintiffs are not entitled to entity treatment because one of their co-trustees, Frank A. Lee, Jr., was appointed solely for the purpose of bringing this litigation. Thus, the beneficiaries, both vested and contingent, of these entities must be counted as persons on behalf of whom the Present Action has been brought. Third, Defendants claim that Plaintiffs lacked the power to voluntarily dismiss the First Action. Therefore, Defendants contend that the First Action, with its fifty-eight named plaintiffs, is in essence still

6

pending, and must be dismissed with prejudice to subsequent filings, including the Present Action.

In the sections that follow, the Court considers and rejects these three arguments. As a result, the Court concludes that the present suit is brought on behalf of fewer than fifty-one persons and is not removable under SLUSA.

### A. Plaintiffs Have Not Used Impermissible Procedural Maneuvering to Evade SLUSA's Requirements

The Senate Banking Committee Report on SLUSA states that the Act was meant to be "interpreted broadly to reach mass actions and all other procedural devices that might be used to circumvent [its dictates]." S. Rep. No. 105-182, at 8 (1998). In keeping with this language, some courts have found that SLUSA may not be circumvented through procedural maneuvers aimed at evading the Act's substance. See, e.g., In re Worldcom, Inc. Sec. Litig., 02 Civ. 3288 (DLC), 2004 WL 692746, at *5 (S.D.N.Y. Apr. 2, 2004) (refusing to allow the plaintiffs to avoid SLUSA preemption through voluntary withdrawal of 244 of their members); In re Worldcom, Inc. Sec. Litig., 308 F. Supp. 2d 236, 245-47 (S.D.N.Y. 2004) (holding that SLUSA preempted ten state actions each brought on behalf of fewer than fifty plaintiffs because these actions constituted a "group of lawsuits," as SLUSA defines that term); Gibson v. PS Group Holdings, Inc., 00-CV-0372 W(RBB), 2000 WL 777818, at *3 (S.D. Cal. Mar. 8, 2000)

7

(ruling that SLUSA preempted suit that would have been within letter of Act if plaintiffs had not inexplicably removed request for damages from prayer for relief).

Defendants draw on these decisions, claiming that Plaintiffs have employed impermissible procedural maneuvers to reduce their number from the fifty-eight persons identified in the First Action to the thirty-eight named in the Present Action. Plaintiffs' exclusion of twenty persons named in the First Action may raise the specter of impermissible gamesmanship. See In re Worldcom, 2004 WL 692746, at *5. Nevertheless, after thoroughly reviewing the parties' submissions, the Court finds that Plaintiffs properly dropped at least nineteen names from the caption of the First Action because their inclusion did not reflect the number of persons interested in the outcome of this litigation. As the following discussion demonstrates, the nineteen omitted names correspond to persons who: (1) were named more than once in the First Action; (2) were deceased; or (3) did not own MMC stock.

### 1. Plaintiffs Properly Excluded Eight Duplicative or Triplicative Names

The First Action duplicated, in slightly altered form, the names of six persons, and triplicated that of a seventh individual. (Pls.' Reply, Affidavit of Jerome M. Congress ("Congress Aff.") ¶¶ 12, 8). In order to rectify these multiple

listings, Plaintiffs properly excluded eight names appearing in the First Action from the Present Action.

### 2. Plaintiffs Properly Removed Name of Deceased Individual

The First Action named Frank A. Lee as a plaintiff. However, Frank A. Lee was deceased and no longer an MMC shareholder at the time the events giving rise to the First Action took place. (Congress Aff. ¶ 10.) Therefore, Plaintiffs properly omitted his name from the Present Action, as he has no interest in its outcome.

### 3. Plaintiffs Properly Omitted Names of Ten Persons Who Did Not Personally Own MMC Stock

The First Action listed the names of four persons, including one trust, lacking an ownership interest in MMC shares or in a trust that held such shares. (Congress Aff. § 11.) Plaintiffs properly omitted the names of these four persons from the Present Action, since they have no interest in the matter.

The First Action also included the names of six persons who did not hold MMC shares during the relevant period of time, but were beneficiaries of Lee family trusts that owned such shares. (Congress Aff. ¶ 8.)[5] These Lee family trusts were separately identified as plaintiffs in the First Action. For purposes of

---

[5] The Congress Affidavit identifies eight names falling into this category. (Congress Aff. ¶ 8.) Nevertheless, two of these names, Paul Lee and Mr. Alberto Van der Mije, are actually duplicative of names already appearing the First Action, and thus fall into the category set forth in section 1, *supra*.

calculating the number of persons on behalf of whom an action is brought, entities such as trusts are counted as a single individual unless they were formed to participate in the action. See 15 U.S.C. § 77p(f)(2)(C). As demonstrated in Part II.B., *infra*, the Lee family trusts were not formed in order to pursue the Present Action. Thus, these trusts are entitled to entity treatment and their beneficiaries should not be separately counted under SLUSA unless they personally owned MMC stock at relevant times. Therefore, the Present Action properly excludes six persons who did not own shares in MMC, but were beneficiaries of trusts that owned such shares.

In light of the foregoing discussion, Plaintiffs properly excluded from the Present Action nineteen names that were erroneously included in the First Action. The inclusion of these names in the First Action did not accurately reflect the number of persons on behalf of whom this litigation is brought.[6] As Plaintiffs' removal of these nineteen names rested on sound legal footing, the Court declines to credit Defendants' claim

---

[6] The Present Action omits twenty names originally included in the First Action. Although Plaintiffs adequately justified the omission of nineteen of these names, they have failed to explain the exclusion of the twentieth. Plaintiffs' submissions demonstrate that either George Hribar or Dr. George Hribar should have been excluded because they are the same person, (Congress Aff. ¶ 12), but Plaintiffs inexplicably excluded both names from the Present Action.

that Plaintiffs were less than candid in rectifying these names' erroneous inclusion in the First Action.

**B. The Lee Family Trusts Are Entitled to Entity Treatment**

Under the plain language of SLUSA, the propriety of granting entity treatment to a given trust turns on the purpose for which the trust was created. See 15 U.S.C. § 77p(f)(2)(C). A trust whose primary purpose is to pursue causes of action on behalf of its beneficiaries is not entitled to entity treatment, whether or not the trust was formed with particular litigation in mind. See LaSala v. Bordier et CIE, 452 F. Supp. 2d 575, 582-83 (D.N.J. 2006); Cape Ann Investors LLC v. Lepone, 296 F. Supp. 2d 4, 10 (D. Mass. 2003). Conversely, a typical Chapter 11 trust established to represent a bankrupt estate for all purposes, including the litigation of outstanding causes of action, is entitled to entity treatment. See Smith v. Arthur Andersen LLP, 421 F.3d 989, 1008 (9th Cir. 2005). Here, the trust instruments establishing the relevant Lee family trusts demonstrate that the trusts were created with the primary purpose of managing certain Lee family property, not engaging in litigation. (Pls. Resp., Exs. A-V.) Therefore, the trusts meet SLUSA's requirements for entity treatment.

Nevertheless, Defendants claim that these trusts should not be afforded entity treatment because their trustee, Frank A. Lee, Jr. ("Mr. Lee"), was appointed solely to bring the Present

Action. Relying on Plaintiffs' submissions, Defendants indicate that the Merrill Lynch Trust Company ("Merrill Lynch") was listed as the plaintiff trustee suing on behalf of the various Lee family trusts in the First Action. Subsequently, Merrill Lynch realized that counsel for Plaintiffs, Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss"), represented other clients in matters adverse to Merrill Lynch. (Congress Aff. ¶ 13.) In order to obviate its potential conflict with Milberg Weiss, Merrill Lynch obtained from the Surrogate's Court of the State of New York, County of Nassau, an order: (1) appointing Mr. Lee as co-trustee for the purpose of pursuing the trusts' claims against Defendants; and (2) providing that litigation expenses would be paid out of the trusts' share of the amount recovered, with any excess to be borne by Mr. Lee. (Pls. Reply, Ex. G.) Accordingly, the Present Action's caption lists Mr. Lee as the plaintiff trustee, rather than Merrill Lynch.

Although the record clearly shows that Mr. Lee was appointed co-trustee of the Lee family trusts solely to facilitate the prosecution of the Present Action, the trusts are nonetheless entitled to entity treatment. The relevant inquiry under SLUSA is the purpose for which the trust was formed, not the purpose for which its trustee was appointed. See 15 U.S.C. § 77p(f)(2)(C). The appointment of Mr. Lee did not affect the purpose of the Lee family trusts, which was clearly defined in

the relevant trust instruments as the management of certain Lee family property. See George G. Bogert et al., Bogert's Trusts and Trustees § 541 (2d ed. 2006) (indicating that a trustee has a "fundamental duty . . . to carry out the directions of the testator or settlor as expressed in the terms of the trust"). Even if the appointment of Mr. Lee made possible the prosecution of the Present Action, it did so not by altering the trusts' purpose, but by removing the potential conflict between Merrill Lynch and Milberg Weiss.[7] The prosecution of the Present Action has, from its commencement, fallen well within the general asset-managing purpose of the Lee family trusts. See, e.g., N.Y. Est. Powers & Trusts Law § 11-1.1(a)(13) (McKinney 2007) (indicating that unless trust instrument provides to contrary, trustee has power "[t]o contest, compromise or otherwise settle any claim in favor of the . . . trust").

As the Lee family trusts were not formed for the purpose of engaging in litigation, the twenty-six Lee family trusts listed in the Present Action should be counted, without reference to the number of beneficiaries, as twenty-six persons under SLUSA.[8]

---

[7] The Court expresses no opinion as to whether this conflict would have interfered with the prosecution of the instant litigation.

[8] Plaintiffs also argue that SLUSA preemption of the Present Action would be inappropriate even if the trusts were not entitled to entity treatment because there are fewer trust beneficiaries than trusts. Thus, piercing the trusts' "veil" would decrease the total number of persons on behalf of whom the

13

**C. Voluntary Dismissal of First Action Was Proper**

Under the Federal Rules of Civil Procedure, plaintiffs may voluntarily dismiss an action without a court order "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1)(i). Here, Plaintiffs filed a notice of dismissal of the First Action on June 6, 2006. At that time, Defendants had yet to serve an answer or motion for summary judgment in the First Action. Since the Federal Rules of Civil Procedure apply to actions removed from state court, see Fed. R. Civ. P. 81(c), Plaintiffs' voluntary dismissal of the First Action fell squarely within their procedural rights.

Nevertheless, Defendants invite the Court to carve out an exception to Federal Rule of Civil Procedure 41(a)(1)(i), which would prevent the voluntary dismissal of any action removed under SLUSA. Defendants argue that suits falling within SLUSA's ambit are subject to immediate dismissal, without any litigation on their merits. Thus, answers and motions for summary judgment are never filed, thereby precluding the sensible application of Rule 41(a)(1)(i). As Defendants envision a conflict between the

---

Present Action is brought to eighteen. (Pls. Resp., Supplemental Aff. of Jerome M. Congress ¶¶ 3-5.) Defendants dispute this calculation, claiming that the relevant beneficiaries must include an undefined (and unknowable) number of contingent beneficiaries. Given the Court's holding that the trusts should receive entity treatment, it finds no occasion to enter this arithmetic fray.

application of SLUSA and Rule 41(a)(1)(i), they argue that the latter, by its own terms, must give way to the former. The Court is unpersuaded by Defendants' position. In fact, the Court finds no authority for the existence of a conflict between Rule 41(a)(1)(i) and SLUSA. Furthermore, the Court holds that even if there were such a conflict, it is inapposite here because the First Action was not within SLUSA's ambit.

The existing authority, while minimal, suggests that there is no conflict between SLUSA and Rule 41(a)(1)(i). In a case nearly identical to that before the Court, Judge Cote conceded that the plaintiffs were "entirely correct that a plaintiff may voluntarily dismiss a complaint before an answer or motion for summary judgment has been filed." See In re Worldcom, Inc. Sec. Litig., 03 Civ. 4496 (DLC), 2003 WL 23095478, at *3 (S.D.N.Y. Dec. 30, 2003). Although Judge Cote rejected the plaintiffs' effort to voluntarily dismiss, she did so because an answer had previously been filed in the consolidated action, not because of an abstract conflict between Rule 41(a)(1)(i) and SLUSA. See id. Moreover, in another analogous case in this District, Judge McMahon permitted the plaintiffs to amend their complaint as a matter of right, even though the amendment would reduce the number of plaintiffs from fifty-two to fifty, thereby bringing the suit outside the scope of SLUSA. See Spehar, 2003 WL 23353308, at *6. Judge McMahon explicitly found that the

15

exercise of procedural rights created by the Federal Rules does not necessarily conflict with SLUSA, even when such rights are used to avoid dismissal with prejudice under that Act. See id. at *10-*11 (remanding suit even though plaintiffs were "playing games to avoid appearing in federal court and being subjected to the stringent requirements of the PSLRA"); cf. In re Worldcom, 308 F. Supp. 2d at 245 ("The existence of a calculated strategy to avoid SLUSA preemption does not, by itself, permit a finding [of] preemption.").

Moreover, even if there were a conflict between SLUSA and Rule 41(a)(1)(i), as envisaged by Defendants, that conflict would have no relevance because the First Action was not preempted by SLUSA. The First Action was effectively brought on behalf of the same persons as is the Present Action. It listed fifty-eight plaintiffs, rather than the thirty-eight identified in the Present Action, because of the erroneous duplication of names and inclusion of parties with no actual interest in the litigation. See supra Parts II.A.1.-3. As the duplicated names and uninterested plaintiffs did not reflect persons on behalf of whom the First Action was brought, that Action was advanced on behalf of no more than thirty-nine persons, just as is the Present Action. See supra Part II.A. Thus, given the plain language of SLUSA, the First Action was not covered by the Act. See 15 U.S.C. § 77p(f)(2)(A)(i)(I) & (ii); Dabit, 126 S.Ct. at

16

1512. Therefore, the alleged conflict between SLUSA and Rule 41(a)(1)(i) never materialized. Consequently, the Court finds that Plaintiffs were within their rights when they voluntarily dismissed the First Action.[9]

In sum, the Present Action is a not covered action within the meaning of SLUSA. As Plaintiffs properly removed the names of nineteen persons appearing in the First Action, the Present Action is brought on behalf of at most thirty-nine persons. Given that the Present Action falls outside SLUSA's scope, the Court must remand the Present Action to state court. See Kircher v. Putnam Funds Trust, 126 S.Ct. 2145, 2155 (2006).

### III. CONCLUSION

The Present Action is hereby remanded to the Supreme Court of the State of New York, Nassau County. As there was an objectively reasonable basis for Defendants' removal of this litigation, in light of Plaintiffs' erroneous inclusion of superfluous names in the caption of the First Action, the Court will not order Defendants to pay Plaintiffs' costs and actual expenses under 28 U.S.C. § 1447(c). See Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005). The Clerk of Court is ordered to transfer the file to the Supreme Court of the State of New York, Nassau County, and to close these cases.

---

[9] Even if the First Action was not properly dismissed, it should be remanded to state court for the same reasons supporting remand of the Present Action.

SO ORDERED.

/s/ Shirley Wohl Kram
---
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         March 7, 2007